UNITED STATES DISTRICT COURT
FOR THE EASTERN  DISTRICT OF MICHIGAN

United States of America
v.

JUMANNE R SLEDGE

Defendant

Case No. 2:12CR2014 01

**DEFENDANT'S MOTION TO MODIFY RESTITUTION PAYMENT SCHEDULE**

COMES NOW the Defendant, Jumanne R Sledge, and respectfully moves this Court for an order modifying the current restitution payment schedule due to a material change in economic circumstances pursuant to 18 U.S.C. § 3664(k).

In support of this motion, Defendant states as follows:

1.  The Court previously entered a Judgment requiring payment of restitution.
2.  Subsequent to the entry of judgment, Defendant's economic circumstances have materially changed such that the current payment amount is no longer affordable.
3.  The payment amount presently demanded does not reasonably account for Defendant's income, necessary living expenses, and existing financial obligations. **Exhibit 1**
4.  Defendant has prepared a sworn Hardship Declaration and Financial Affidavit outlining current income, monthly expenses, debts, and financial obligations. **Exhibit 2**
5.  The information provided demonstrates that the current payment schedule imposes severe financial hardship.
6.  Federal law permits modification of restitution payment schedules when there has been a material change in economic circumstances affecting a defendant's ability to pay.

WHEREFORE, Defendant respectfully requests that this Court:

1.  Review Defendant's financial circumstances;
2.  Modify the restitution payment schedule to a reasonable monthly amount consistent with Defendant's ability to pay;
3.  Grant such additional relief as the Court deems just and appropriate.

Respectfully submitted,

*Jumanne R. Sledge* / electronic signature

Defendant

Date: March 26, 2026

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO MODIFY RESTITUTION PAYMENT SCHEDULE**

## I. INTRODUCTION

Defendant respectfully requests modification of the restitution payment schedule due to financial hardship and a material change in economic circumstances. Financial hardship results in a loss of employment from October 2024 – September 4, 2025. Thereafter, Defendant's income was significantly decreased by approximately 50% of his previous salary. Federal law authorizes the Court to modify payment schedules when a defendant's financial situation changes.

## II. LEGAL STANDARD

Under 18 U.S.C. § 3664(k), a court may adjust a restitution payment schedule upon notification of a material change in the defendant's economic circumstances that affects the ability to pay.

The statute provides that upon receiving such notice, the court may:

• Adjust the payment schedule;
• Require different installment payments; or
• Take other actions in the interest of justice.

## III. COURTS MUST CONSIDER ABILITY TO PAY

Federal courts consistently hold that restitution payment schedules must take into account the defendant's financial resources and ability to pay.

Relevant case law includes:

United States v. Prouty, 303 F.3d 1249 (11th Cir. 2002)
The court held that restitution payment schedules must be set by the court and must consider the defendant's financial circumstances.

United States v. Martinez, 812 F.3d 1200 (10th Cir. 2015)
The court emphasized that enforcement of restitution must be consistent with the terms and structure of the restitution order.

Cani v. United States, 331 F.3d 1210 (11th Cir. 2003)
Courts retain authority to modify restitution payment schedules when economic circumstances change.

Additionally, The Mandatory Victims Restitution Act requires courts to consider specific financial factors when establishing restitution payment schedules.

18 U.S.C. § 3664(f)(2) provides that the court shall consider:

1. The financial resources and other assets of the defendant;
2. Projected earnings and other income of the defendant; and
3. The financial obligations of the defendant, including obligations to dependents.

These statutory factors are intended to ensure that restitution payment schedules are structured in a manner that reflects a defendant's realistic financial capacity.

## IV. FAILURE TO CONSIDER STATUTORY ABILITY-TO-PAY FACTORS

Courts have recognized that while the total restitution amount may not be reduced based on inability to pay, the payment schedule must nevertheless be tailored to the defendant's economic circumstances.

In Cani v. United States, 331 F.3d 1210 (11th Cir. 2003), the court reaffirmed that restitution payment schedules may be modified when economic circumstances materially change.

Additionally, the Tenth Circuit in United States v. Martinez, 812 F.3d 1200 (10th Cir. 2015), held that enforcement mechanisms must remain consistent with the restitution order and cannot disregard the statutory framework governing payment schedules.

Where enforcement actions impose payment amounts that exceed the defendant's financial capacity after accounting for necessary living expenses and financial obligations, the statutory purpose of § 3664 is undermined.

The financial affidavit submitted with this motion demonstrates that Defendant's current income, necessary living expenses, and existing debt obligations significantly limit available disposable income.

Accordingly, modification of the restitution payment schedule is necessary to ensure compliance with the statutory requirement that payment schedules be structured in a manner consistent with the defendant's financial reality.

## V. IMPROPER DELEGATION OF PAYMENT SCHEDULING AUTHORITY

Federal law requires that restitution payment schedules be determined by the sentencing court and not delegated to prosecutors, probation officers, or administrative collection agencies.

Under 18 U.S.C. § 3664(f)(2), the court must determine the manner and schedule according to which restitution is paid, after considering the defendant's financial resources, projected earnings, and financial obligations.

Federal appellate courts have consistently held that the judicial function of determining the restitution payment schedule cannot be delegated.

In United States v. Prouty, 303 F.3d 1249 (11th Cir. 2002), the Court of Appeals held that a sentencing court may not delegate the responsibility for establishing a restitution payment

schedule to another entity. The court explained that Congress placed the responsibility squarely upon the judiciary to evaluate a defendant's financial circumstances and determine an appropriate payment structure.

Similarly, courts have repeatedly emphasized that restitution enforcement cannot be structured in a manner that effectively transfers the court's statutory responsibilities to executive branch actors.

To the extent that the payment terms currently demanded were determined or imposed by a prosecutor, enforcement authority, or administrative collection unit rather than by an explicit judicial determination, such action constitutes an improper delegation of authority inconsistent with the statutory framework governing restitution orders.

Accordingly, judicial review and clarification of the payment schedule are warranted to ensure compliance with federal law.

## VI. DEFENDANT'S CURRENT ECONOMIC CIRCUMSTANCES

Defendant's financial affidavit demonstrates that current monthly income is substantially consumed by necessary living expenses including housing, transportation, utilities, medical costs, and debt obligations.

After accounting for these necessary expenses, Defendant has limited disposable income available for restitution payments.

## VII. EXCESSIVE GARNISHMENT AND DUE PROCESS UNDER THE FEDERAL DEBT COLLECTION PROCEDURES ACT

The enforcement of federal restitution through garnishment is governed by the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. § 3001 et seq., which establishes procedures and protections designed to ensure fairness and due process in federal debt collection.

Under 28 U.S.C. § 3205, the United States may seek garnishment to collect restitution; however, the statute also provides procedural safeguards for debtors, including the right to request a hearing and to challenge the terms or amount of garnishment.

Specifically, 28 U.S.C. § 3202(d) provides that a debtor is entitled to a hearing at which the court may consider:

1. The probable validity of any claim of exemption;
2. Compliance with statutory procedures; and
3. The validity and enforceability of the government's enforcement action.

These statutory protections ensure that collection actions do not impose unreasonable financial hardship or exceed the scope of lawful enforcement.

Courts have recognized that restitution enforcement must remain consistent with the terms of the restitution order and must be carried out in a manner that respects statutory limitations and procedural fairness.

In United States v. Martinez, 812 F.3d 1200 (10th Cir. 2015), the court emphasized that enforcement actions must remain consistent with the restitution order and applicable statutory authority.

Furthermore, while federal law authorizes the government to pursue collection of restitution debts, such enforcement must still respect statutory protections and the defendant's right to seek judicial review where collection actions impose excessive hardship.

Where garnishment amounts exceed a defendant's realistic ability to pay after necessary living expenses, courts have discretion to intervene and adjust payment schedules to prevent inequitable outcomes.

In the present case, the garnishment or payment amount demanded exceeds Defendant's financial capacity when necessary living expenses and financial obligations are taken into account.

The financial affidavit submitted with this motion demonstrates that Defendant's income is substantially consumed by essential living expenses, leaving little or no disposable income available for the demanded payment level.

Accordingly, Defendant respectfully requests that the Court review the enforcement terms and modify the payment schedule to an amount consistent with Defendant's actual financial capacity and statutory protections afforded under the Federal Debt Collection Procedures Act.

VIII. RELIEF REQUESTED

Defendant respectfully requests that the Court modify the restitution payment schedule to an amount consistent with Defendant's financial capacity and, if appropriate, permit nominal periodic payments pursuant to 18 U.S.C. § 3664(f)(3)(B).

IX. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant the Motion to Modify Restitution Payment Schedule.

Respectfully submitted,

*Jumanne R. Sledge* / electronic signature

Defendant

Date: March 26, 2026

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

United States of America
v.

JUMANNE R SLEDGE

Defendant

Case No. 2:12CR20142 01


**ORDER MODIFYING RESTITUTION PAYMENT SCHEDULE**

This matter having come before the Court upon Defendant's Motion to Modify Restitution Payment Schedule pursuant to 18 U.S.C. § 3664(k), and the Court having reviewed the motion, supporting declaration, and financial documentation;

IT IS HEREBY ORDERED that the Motion is GRANTED.

IT IS FURTHER ORDERED that Defendant's restitution payment schedule is modified as follows:

Defendant shall make monthly restitution payments in the amount of $ 100.00 beginning on May 1, 2026.

All other provisions of the Judgment remain in full force and effect.

SO ORDERED.

Date: March 26, 2026

UNITED STATES DISTRICT JUDGE